

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 04 2012

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:08-cr-00025-2 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| DEMETRIUS O'BRIEN CAMPBELL, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Demetrius O'Brien Campbell, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that he received ineffective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss.

I.

Pursuant to a written plea agreement, petitioner pleaded guilty on March 30, 2009, to knowingly and willfully distributing more than five grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B). Petitioner signed the agreement and initialed each page, including the page containing waivers of the rights to appeal and to collaterally attack the conviction. By signing the plea agreement, petitioner affirmed that he read the plea agreement, carefully reviewed every part of the agreement with counsel, understood the agreement, and voluntarily agreed to its terms. Notably, petitioner acknowledged his satisfaction with counsel's representation and did not have a complaint about counsel when signing the plea agreement. Petitioner agreed to inform the court of any dissatisfaction or complaint he had about counsel by no later than the time of sentencing.

During the plea hearing on March 30, 2009, petitioner stated under oath that he earned a GED, appeared in court with a clear head, and understood the proceeding despite receiving medicine for a serious physical condition. (Plea H'rg Tran. (no. 85) 5:1-15.) I established that petitioner was aware of the nature of the charges, understood the range of punishments, understood how the United States Sentencing Guidelines ("U.S.S.G.") might apply, and knew of the right to a jury trial. Petitioner admitted reading the plea agreement by himself and with counsel.

Petitioner also affirmatively acknowledged the plea agreement's provisions waiving the right to file a petition for a writ of habeas corpus or attacking the judgment in some other way at a later date. (Id. 17:2-24.) I also specifically inquired whether petitioner was voluntarily pleading guilty. Petitioner affirmed under oath that he read and understood the plea agreement before he signed it and that no one from the government made any promises not reflected in the plea agreement or induced petitioner to plead guilty. Petitioner also affirmed that he was satisfied with counsel's representation up to that time. (Id. 7:4-11.) The United States proffered that, inter alia, petitioner sold 6.1 grams of crack cocaine to a confidential informant for $1,000. (Id. 20-21.) I ultimately accepted petitioner's knowing and voluntary guilty plea.

On March 10, 2010, I sentenced petitioner to, inter alia, a total term of 188 months' incarceration, the lowest term of incarceration within the applicable sentencing guidelines. Petitioner testified at the sentencing hearing about his homelessness, prior convictions, chemotherapy, and treatment for a personality disorder and paranoid schizophrenia. Petitioner testified that his on-going mental health treatment required four prescriptions and assistance from a regional community mental health service provider. Counsel argued for leniency, citing

petitioner's chemotherapy, mental illnesses, and homelessness. Counsel also argued that the career offender designation overstated petitioner's criminal history and asked me to impose a sentence between 92 to 115 months' incarceration, the original sentencing range if the career offender designation did not apply.[1] Petitioner did not inform me of any dissatisfaction with counsel by the conclusion of the sentencing hearing.

Petitioner appealed, and the Fourth Circuit Court of Appeals enforced the direct appeal waiver in the plea agreement and dismissed the appeal. Petitioner timely filed the instant § 2255 motion in December 2011 and alleges three instances of ineffective assistance of counsel. First, counsel was ineffective for failing to present petitioner's mental health issues to the court. Second, counsel coerced petitioner to sign the plea agreement by lying that petitioner would not be treated as a career offender. Third, counsel was ineffective for failing to ask the court to state reasons why mitigation evidence did not support departing from the sentencing guidelines.

II.

The United States argues that petitioner is not entitled to collaterally attack the conviction and sentence because the plea agreement is valid and contains a waiver of the right to collaterally attack the conviction and sentence. A "criminal defendant may waive [the] right to attack [a] conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The waiver contained in the plea

---

[1] Petitioner's classification as a "career offender" increased the base offense level from 24 to 34. Petitioner's criminal history points produced a category VI criminal history, the same level required by petitioner's career offender status. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense . . . is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). For purposes of § 4B1.1(a), a "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year." Id. § 4B1.2(b).

3

agreement must be both valid and sufficiently broad in scope to encompass a claim to prevent petitioner from collaterally attacking the conviction. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (discussing the waiver of appellate rights).

A.  Validity of the Waiver

A waiver is valid when "the record . . . show[s] that the waiver was based upon a knowing and intelligent decision." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22. If a court determines that a petitioner's allegations when viewed against the record of the Rule 11 plea hearing are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Id. at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy – specifically, whether the district court questioned the defendant about the . . . waiver – the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting General, 278 F.3d at 400). "Thus, the determination 'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

Petitioner has a GED and stated under oath during the Rule 11 plea colloquy that he read, understood, and signed the plea agreement and knowingly waived the right to "file any court

document seeking to disturb, in <u>any way</u>, any order imposed" in this case, including the right to file a petition for a writ of habeas corpus or to attack the judgment in some other way. (Plea Ag't 7 (no. 55) (emphasis added).)

Petitioner argues that he was incompetent during the Rule 11 colloquy because he was not taking any medication to treat his mental illnesses because those medications made petitioner very ill during chemotherapy. However, petitioner's sworn admissions during the colloquy that he was aware and understood the guilty plea proceeding contradict this new argument. I said to petitioner, "What I'm trying to do is to find out if your medication in any way affects your ability to think. Have you had any medication in the past 24 hours?" Petitioner replied, "I had some last night, but I didn't take the ones today because I knew I had to come to court." Petitioner then explicitly affirmed that he had a clear head and understood the nature of the proceeding. Thus, petitioner's new § 2255 claim that he was mentally incompetent during the Rule 11 colloquy is "patently false" when compared to his sworn statements made during the colloquy. See Lemaster, 403 F.3d at 220 (noting a court may reject a § 2255 claim if the claim is contradicted by sworn statements made during the Rule 11 colloquy). Nothing I observed during the plea hearing supports petitioner's claim of mental incompetence. Accordingly, the record establishes that petitioner knowingly and intelligently entered a guilty plea and waived the right to file a pleading questioning the validity of the conviction.

B.    Scope of the Waiver

The next consideration is whether the waiver bars the type of collateral attack brought by petitioner. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of appeal and collateral attack

rights. Claims about the imposition of a sentence above the statutory maximum, the imposition of a sentence based on a constitutionally impermissible factor, or the complete deprivation of the effective assistance of counsel after entering a guilty plea automatically fall outside the scope of the waiver. See, e.g., Attar, 38 F.3d at 732; United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

The waiver required petitioner to inform me of any dissatisfaction with counsel's performance by no later than the sentencing hearing. Petitioner said during the plea hearing that he was completely satisfied with counsel's performance, and petitioner did not disclose any dissatisfaction with counsel by the end of the sentencing hearing. However, petitioner now complains about three separate instances of counsel's performance: (1) for not presenting petitioner's mental health issues; (2) for coercing him into signing the plea agreement; and (3) for not asking me to explain why I did not depart from the sentencing guidelines after announcing the sentence.

Petitioner's ineffective assistance of counsel claims fall within the waiver. The first and third claims fall within the waiver because petitioner's disagreement about how counsel presented his mental health issues and should have requested me to further explain the reasons for the sentence are not a complete deprivation of counsel. See, e.g., Michel v. Louisiana, 350 U.S. 91, 100-01 (1955) (recognizing a court's deference to trial strategy). The second claim falls within the waiver because petitioner would have known of counsel's alleged coercion to sign the plea agreement by the time petitioner entered the guilty plea. Accordingly, petitioner's claims of ineffective assistance of counsel fall within the scope of the valid waiver and are dismissed.

III.

Even if petitioner had not waived his claims, petitioner would not be entitled to relief. A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

7

Petitioner fails to establish that counsel's conduct violated the objective standard of reasonableness or that prejudice resulted. Counsel questioned petitioner about his mental illnesses and presented other evidence about his condition during the sentencing hearing. Counsel argued that petitioner's mental illness warranted a reduced sentence, but counsel's choice to not dwell on the illnesses is a strategic decision not warranting second guessing. See Strickland, 466 U.S. at 689(recognizing that counsel's conduct might be a result of a strategic decision and not constitute ineffective counsel). Petitioner fails to establish a reasonable probability that I would have imposed less than 188 months, which was the minimum guideline sentence, if counsel presented more evidence of petitioner's mental illnesses.

Petitioner's Rule 11 colloquy establishes that no one coerced petitioner into pleading guilty. Petitioner admitted under oath to discussing the career offender designation with counsel and the impact the designation would have on the imposed sentence. Petitioner further recognized during the colloquy that he could be considered a career offender, which would "as much as double or triple" the length of a sentence up to 15 years' imprisonment. Finally, petitioner acknowledged in the plea agreement that I could sentence petitioner up to the statutory maximum of 480 months' imprisonment, far greater than the imposed 188-month sentence.

I explained the reasons for the imposed sentence, pursuant to 18 U.S.C. § 3553, in light of the evidence and arguments about the nature of the offense and petitioner's criminal record. The sentence I announced considered petitioner's mental and physical illnesses and his criminal history. After considering all of the evidence presented and the factors required by 18 U.S.C. § 3553, I sentenced petitioner to the lowest possible sentence within the applicable guidelines, and I did not give counsel an opportunity to speak after I announced the sentence. Petitioner fails

to establish a reasonable probability that I would have reconsidered the 188-month sentence and imposed a shorter sentence simply because counsel asked me to more specifically explain my reasoning. Accordingly, petitioner fails to establish a violation of the Sixth Amendment.

IV.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss petitioner's motion to vacate, set aside, or correct sentence. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

ENTER: This 4th day of May, 2012.

Jackson L. Kiser
Senior United States District Judge